UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, *Plaintiff* v. KEVIN CLINTON, *Defendant.* | Cause No. 3:18-CR-136-RLM-MGG |

OPINION AND ORDER

Kevin Clinton was found guilty of four counts of mail fraud in violation of 18 U.S.C. § 1341 after a jury trial and sentenced to 71 months imprisonment, a $400 assessment, and $2,271,720.25 in restitution. [Doc. No. 55.]

Mr. Clinton filed a petition for relief under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. After briefing was complete, Mr. Clinton asked to file supplemental briefing, a request this court denied because Mr. Clinton didn't explain what the evidence was or what it would show and didn't provide any other information. Mr. Clinton renewed his request less than two weeks later, but that request was just as lacking in detail as the first one. For the reasons stated in Doc. No. 154, the court denies Mr. Clinton's request to file supplemental briefing.

"Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "To prevail

on an ineffective assistance claim, a petitioner must establish that [(1)] his 'counsel's performance was deficient' and [(2)] that 'the deficient performance prejudiced the defense.'" Koons v. United States, 639 F.3d 348, 351 (7th Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

A court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Davis v. Lambert, 388 F.3d 1052, 1059 (7th Cir. 2004) (quoting Strickland v. Washington, 466 U.S. at 689). The "question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Koons v. United States, 639 F.3d at 351 (internal quotation omitted).

Mr. Clinton claims that his attorney didn't understand technology or business; didn't gather documents from his former employer; didn't issue subpoenas and take depositions; didn't challenge testimony relating to the name of his former employer's parent company and its sales or how a witness knew certain invoices were fraudulent; didn't explain Mr. Clinton's job and responsibilities; and didn't respond to facts presented by witness Weinhaus. An attorney is not required to be a subject-matter expert, and Mr. Clinton didn't provide details as to how these allegations amount to incompetence under prevailing professional norms.

Even if Mr. Clinton could establish that his attorney's representation was deficient, for habeas relief he would have to establish that his defense was

2

prejudiced because of it, which means that the result would have been different. Strickland v. Washington, 466 U.S. at 694. Mr. Clinton doesn't dispute the essential evidence against him: he started and presided over Innovation Services; opened a bank account and registered a mailbox in its name; generated, signed, submitted, and approved its invoices; his employer issued almost $2.3 million in check payments and mailed them to the registered mailbox; he gathered the checks from that mailbox and deposited them in Innovation Services' account; and the funds were transferred to his and his family's accounts.

Mr. Clinton discusses at length how much profit his employer or employer's parent company made and his job responsibilities within his CIO role, but these aren't relevant to the charges, and his petition doesn't specify how his outcome might have been different but for the performance of his attorney. He also claims that his attorney should have argued that some of the work he approved on invoices from his company, Innovation Services, was completed; but as was made clear during trial, it was fraudulent for him to bill his own employer for work he was paid to perform as a salaried CIO. It's immaterial whether he actually did some of the work.

Accordingly, the court DENIES Mr. Clinton's motion to file supplemental briefing, [Doc. No. 155], and DENIES his petition, [Doc. No. 98].

SO ORDERED

ENTERED:   September 19, 2022

　　　　　　　　　　　　　　　   /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Judge, United States District Court